**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
February 18, 2011

_____

**In re:**
    **Justin E. Bosley and**                                    Chapter 13 Case
    **Patricia E. Bosley,**                                      # 09-10449
            **Debtors.**

_____

**Justin & Patricia E. Bosley and**
**Jan M. Sensenich,**
            **Plaintiffs,**
    **v.**                                                  Adversary Proceeding
**BAC Home Loan Servicing L.P.**            # 09-1038
**f/k/a Countrywide Home Loans Servicing LP,**
            **Defendant.**

_____

## ORDER
GRANTING SUMMARY JUDGMENT TO THE DEBTORS ON THE ISSUE OF EQUITABLE SUBROGATION,
DENYING THE DEBTORS' REQUEST FOR ATTORNEY'S FEES AND COSTS,
SETTING BRIEFING SCHEDULE AND ORAL ARGUMENT ON INQUIRY NOTICE ISSUE,
AND DEFERRING DECISION ON REMAINING SUMMARY JUDGMENT ISSUES

    For the reasons set forth in a memorandum of decision of even date, the Court finds that BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP (the "Defendant") is not entitled to equitable subrogation, and further finds that the record is insufficient for the Court to determine if the unrecorded mortgage is avoidable.

    Accordingly, IT IS HEREBY ORDERED that:

1.     the Debtors' motion for summary judgment on the issue of equitable subrogation is GRANTED;

2.     the Defendant's motion for summary judgment on the issue of equitable subrogation is DENIED;

3.     the Debtors' request for an award of attorney's fees and costs is DENIED;

4.     decision on the parties' motions for summary judgment on the issue of whether the Trustee may avoid the Defendant's unrecorded mortgage as a bona fide purchaser without notice under § 544(a)(3) is DEFERRED until the parties supplement the record;

5.     the Debtors[*] shall file a memorandum of law responding to the four questions presented in the memorandum of decision of even date by March 24, 2011;

6.     the Defendant shall file a responsive memorandum of law by April 7, 2011;

_____

[*] The Trustee may join the Debtors' memorandum of law or file one on his own.

1

7. any other party who would like to be heard on the question of whether Vermont law on inquiry notice requires the review of the contents of a discharged mortgage deed may file a memorandum of law by March 31, 2011;

8. the Debtors and the Defendant shall appear at a hearing at 11:30 a.m. on April 21, 2011, at the United States Bankruptcy Court, in Burlington, Vermont, where they and any other party that filed a memorandum of law shall present oral argument on the inquiry notice issue;

9. decision on the Debtors' motion for summary judgment as to whether, if the lien is avoidable, the general unsecured creditors are entitled to receive a sum equal to the entire amount of the lien is likewise DEFERRED until after the Court renders a decision on whether the Plaintiffs may avoid the lien.

SO ORDERED.

February 18, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge